IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARCUS A. RICHARD, #799940 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv17 |
| FRANKIE REESCANO, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Marcus A. Richard, an inmate confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on January 21, 2005. The Plaintiff complained about an excessive use of force incident. After reviewing the complaint, the Court decided to conduct an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on June 30, 2005. Regional Grievance Officer Phillip Brooks and Nurse Thomas Maciel attended the hearing to answer any questions the Court may have concerning the Plaintiff's security or medical records.

Only sworn testimony and authenticated records were accepted during the *Spears* hearing, and the evidence submitted by prison personnel was considered by the Court only to the extent that it does not contradict the inherently plausible and credible evidence offered by the plaintiff. *Vernado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). The Plaintiff gave the Court permission to review his prison records.

The use of force incident in question occurred on August 4, 2004. Previously, on July 28, 2004, the Plaintiff had an altercation with Officer Moore. The Plaintiff filed a grievance about the matter. On August 4, 2004, the Plaintiff was taken from his cell in administrative segregation to the administrative segregation office to be interviewed as part of the grievance investigation. The Plaintiff became involved in a verbal altercation with Lt. Martinez, the investigating officer, who instructed Sgt. Sharp to return the Plaintiff to his cell. It is noted that the prison records provided by the prison system reveal that the investigation resulted in the dismissal of Officer Moore. Sgt. Sharp, Officer Smith and Officer Buxton started escorting the Plaintiff back to his cell. The Plaintiff testified that Officer Smith began to jerk his arm without any reason for doing so. He further testified that Officer Buxton was told to step back, and then Sgt. Sharp threw him against a fence. Sgt. Sharp also struck him with his fist behind his right ear. Sgt. Sharp and Officer Smith subsequently shoved him into his cell, where both of them struck the Plaintiff. The Plaintiff had a cursory physical examination on that day and a more thorough examination on the following day. His injuries consisted of bruises, abrasions and contusions on both sides of his face, to the top of his head and in the shoulder area. The Office of the Inspector General (also known as Internal Affairs) investigated the matter, but the complaint against Sergeant Sharp and Officer Smith was not sustained. The Plaintiff also complained that he did not receive a response to his grievances and requests (I-60s) to Warden Reescano and Director Dretke about being moved to another unit.

The Plaintiff claims he was subjected to excessive use of force. The Supreme Court has emphasized that the core judicial inquiry in an excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Court additionally emphasized that

a use of force claim has subjective and objective components. In other words, a court must consider whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* at 8.

In the present case, the Plaintiff alleged facts that arguably support a claim that Sgt. Sharp and Officer Smith unnecessarily and wantonly used force against him. They should respond to his excessive use of force claim.

The Plaintiff also complained that Warden Reescano and Director Dretke failed to honor his request to be transferred to another unit for his own safety. The Plaintiff, however, does not have a right to be transferred to another unit. Moreover, he does not have a right to have his grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The Plaintiff also testified that he was suing them because they are responsible for the unit and prison system. Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied. The Plaintiff's claims against Warden Reescano and Director Dretke fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The claims against them should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the Plaintiff may proceed with his excessive use of force claims against Sgt. Todd Sharp and Officer (now Sgt.) Richard Smith. It is further

**ORDERED** that the Plaintiff's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **30** day of **June, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE